**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

LEANTHONY HENDERSON,

Case No. 2:26-cv-00152-JM

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Local Rule 7.2, moves to dismiss the Complaint filed by pro se Plaintiff LeAnthony Henderson ("Plaintiff"). Plaintiff lacks Article III standing because he alleges no concrete injury, and the Complaint independently fails to state a plausible claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* In support, Equifax states as follows.

## I. INTRODUCTION

Plaintiff requested his Equifax file disclosure through www.annualcreditreport.com on or about August 20, 2026. (Compl. ¶ 11.) He does not allege that anything in that disclosure was shared with a third party, that he was denied credit or charged more for it, that he disputed any item with Equifax, or that any decision about him was made using the information he says was missing. Instead, he alleges that the disclosure did not display a long list of data fields (such as full account numbers, balloon payment dates, deferred payment start dates, and "activity designators") and did not identify the "source" of certain personal identifying information such as his former addresses and his employer. (*Id.* ¶¶ 16-28, 57-82.) His only claimed harm is that he spent time

reviewing the disclosure and felt "confusion," "frustration," "anger," and "emotional distress." (*Id.* ¶¶ 88-95.)

Those allegations do not establish standing. The Supreme Court has held that an alleged failure to receive information required by the FCRA, unaccompanied by "downstream consequences," is not a concrete injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021). The Eighth Circuit has likewise held that confusion, stress, and time spent reacting to a statutory violation do not supply Article III standing. *Ojogwu v. Rodenburg Law Firm*, 26 F.4th 457, 462-63 (8th Cir. 2022); *Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132, 1135-37 (8th Cir. 2023). The Court should dismiss the Complaint for lack of subject matter jurisdiction. Alternatively, the Complaint should be dismissed under Rule 12(b)(6) because it rests on conclusory allegations, an untenable reading of 15 U.S.C. § 1681g, and no plausible allegation of actual damages or willfulness.

## II. ALLEGATIONS OF THE COMPLAINT

Equifax accepts the Complaint's well-pleaded factual allegations as true solely for purposes of this Motion. Plaintiff alleges that Equifax is a consumer reporting agency and that he obtained his Equifax consumer disclosure on or about August 20, 2026. (Compl. ¶¶ 10-11.) He alleges that the disclosure omitted various data fields for six tradelines reported by Capital One Bank USA NA, Ed Financial/ESA, LVNV Funding, TD RCS/EXMARK, Credit Corp Solutions Inc., and Fifth Third Bank, including complete account numbers, credit limits, term durations, dates of last payment, charge-off amounts, deferred payment and balloon payment fields, and, for two collection accounts, the original creditor's name. (*Id.* ¶¶ 15-23, 66.) He alleges that account numbers were truncated with asterisks. (*Id.* ¶¶ 57-58.) He further alleges that Equifax did not

identify the source of his reported employer, telephone number, former addresses, and Social Security number, which was displayed in truncated form. (*Id.* ¶¶ 25-28.)

Plaintiff's allegations that Equifax actually possessed the omitted information are pleaded "[u]pon information and belief" and rest on what Equifax allegedly did in disclosures "as far back as the 1990s," what other consumer reporting agencies allegedly do, and trade association guidance. (*Id.* ¶¶ 34-40, 59-62, 64-65, 70-71.) Plaintiff alternatively alleges that Equifax did not have the information because it failed to require furnishers to supply it. (*Id.* ¶¶ 73-74.)

In terms of damages, Plaintiff alleges that he "was required to spend significant time attempting to interpret" the disclosure, reviewed it "on multiple occasions," and experienced "confusion and frustration," "anger," and "emotional distress." (*Id.* ¶¶ 88-91, 95.) He alleges that the omissions "impaired" his ability to dispute information and caused "concrete informational harm." (*Id.* ¶¶ 92-94.) He does not allege that he submitted any dispute, that any third party received his report, or that he suffered any credit denial, pecuniary loss, or other tangible consequence. Plaintiff asserts a single count under 15 U.S.C. § 1681g, seeking actual, statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o. (*Id.* ¶¶ 107-111 & Prayer for Relief.)

## III. **LEGAL STANDARDS**

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction, and Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Where, as here, the motion presents a facial attack, the Court applies the same standard as under Rule 12(b)(6) and considers whether the pleading alleges facts sufficient to establish jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" and the Court need not accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se complaints are construed liberally, "they still must allege sufficient facts to support the claims advanced[,]" and the Court will not supply additional facts or construct a legal theory on the plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## IV. **ARGUMENT**

### A. **Plaintiff Lacks Article III Standing Because He Alleges No Concrete Injury.**

To establish standing, a plaintiff must show (1) an injury in fact that is concrete and particularized, (2) that is fairly traceable to the defendant's conduct, and (3) that is likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 427 (emphasis original). A plaintiff must "demonstrate standing for each claim that [he] press[es] and for each form of relief that [he] seek[s]," including statutory damages. *Id.* at 431.

#### 1. **An alleged failure to disclose information, without downstream consequences, is not a concrete informational injury.**

*TransUnion* is dispositive. There, class members alleged that *TransUnion* violated the FCRA's disclosure provisions, including § 1681g, by sending file disclosures in an incorrect

format. 594 U.S. at 439-40. The Court held that these class members lacked standing because they did not "demonstrate[] that the format of TransUnion's mailings caused them a harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 440. The Court rejected the theory that the plaintiffs suffered an "informational injury," explaining that they did not allege that they failed to receive any information to which they were entitled in a way that caused harm, and that "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* at 442 (citation omitted). A plaintiff asserting such an injury must identify "downstream consequences" from failing to receive the required information. *Id.*

Plaintiff identifies none. He does not allege that the purportedly omitted data caused him to miss an error that was then reported to a creditor, that he was denied credit, that he paid more for credit, or that he lost any opportunity. He does not allege that he attempted to dispute any item and was unable to do so. Indeed, he does not identify a single item of inaccurate information in his file that the allegedly missing data prevented him from correcting. His allegation that the omissions "impaired" his "ability" to dispute and resulted in "concrete informational harm" (Compl. ¶¶ 92-94) is a legal conclusion that merely relabels the alleged statutory violation. Calling an injury "concrete" does not make it so. *See TransUnion*, 594 U.S. at 426 (courts must independently decide whether a plaintiff has suffered a concrete harm, even where Congress has created a cause of action).

The nature of the omitted data underscores the absence of any real-world harm. Plaintiff complains that his disclosure did not display, for example, balloon payment dates and deferred payment start dates for revolving and collection accounts, the full digits of account numbers that he does not claim he failed to recognize, and the "source" of his own former addresses, his own

telephone number, his own employer, and his own Social Security number. (Compl. ¶¶ 16-28.) Plaintiff does not allege that any of this information was inaccurate or that he does not recognize these accounts or identifiers. The Complaint describes, at most, a bare procedural grievance divorced from any concrete harm. *Spokeo*, 578 U.S. at 341.

2. **Confusion, frustration, emotional distress, and time spent reviewing a document are not concrete injuries.**

The Eighth Circuit has repeatedly rejected the intangible harms Plaintiff alleges. In *Ojogwu*, the court held that a consumer who received a communication allegedly prohibited by statute lacked standing because he did not allege that the communication caused him any concrete harm, such as acting to his detriment. 26 F.4th at 462-63. In *Bassett*, the court again held that allegations of a statutory violation, unaccompanied by a resulting concrete harm, did not establish an injury in fact. 60 F.4th at 1135-37. Courts applying *TransUnion* have consistently reached the same conclusion: a plaintiff's own subjective reaction to a statutory violation does not convert that violation into concrete harm.

Plaintiff's allegations fall squarely within these holdings. He alleges that he "was required to spend significant time attempting to interpret" the disclosure, reviewed it "on multiple occasions," and experienced "confusion," "frustration," "anger," and "emotional distress." (Compl. ¶¶ 88-91, 95.) These are precisely the generalized, self-reported reactions the Eighth Circuit has found insufficient. Plaintiff alleges no physical manifestation of distress, no medical treatment, no lost wages, and no out-of-pocket expense. Time voluntarily spent reading one's own credit file disclosure is not a harm with a close historical or common-law analogue.

**3. Plaintiff's allegations of risk and of Equifax's practices toward other consumers do not confer standing.**

Much of the Complaint is devoted to statistics about credit reporting errors nationally, a 2015 multistate settlement, other lawsuits filed against Equifax, and what Experian and Trans Union allegedly do. (Compl. ¶¶ 1-4, 32-56, 60-62, 99-102.) None of these allegations concern any harm to Plaintiff. Standing is personal, and allegations about other consumers or about the industry generally cannot supply a concrete and particularized injury. *Lujan*, 504 U.S. at 560 n.1. To the extent Plaintiff suggests that incomplete information might someday lead to inaccurate reporting, *TransUnion* forecloses that theory for a damages claim: "the mere risk of future harm, standing alone, cannot qualify as a concrete harm" in a suit for damages unless the risk itself materializes or causes a separate concrete harm. 594 U.S. at 436-37. Plaintiff alleges neither.

Because Plaintiff has not alleged a concrete injury, the Court lacks subject matter jurisdiction and should dismiss the Complaint.

**B. Alternatively, the Complaint Fails to State a Claim Under 15 U.S.C. § 1681g.**

Even if Plaintiff had adequately pleaded standing, which Equifax denies, the Complaint should be dismissed under Rule 12(b)(6).

**1. Plaintiff does not plausibly allege that Equifax withheld information in his "file."**

Section 1681g(a)(1) requires a consumer reporting agency, upon request, to clearly and accurately disclose "[a]ll information in the consumer's file at the time of the request[.]" 15 U.S.C. § 1681g(a)(1). The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Courts have construed the term to reach information that is or might be furnished in a consumer report, not every piece of data that could theoretically exist somewhere. *See Cortez v.*

*Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759-60 (9th Cir. 2018). A § 1681g(a)(1) claim therefore requires plausible factual allegations that the agency actually recorded and retained the specific information about the plaintiff that it failed to disclose.

The Complaint does not meet that standard. Plaintiff's allegations that Equifax possessed the omitted data fields are made entirely "[u]pon information and belief" and rest on speculation drawn from Equifax's alleged practices decades ago, the alleged practices of other consumer reporting agencies, trade association reporting guidelines, and the general assertion that Equifax had the "capability" to disclose more. (Compl. ¶¶ 59-65, 70-72, 98.) An agency's technical capability to display a data field says nothing about whether it recorded and retained a particular value in that field for Plaintiff's accounts. Many of the fields Plaintiff lists, such as balloon payment amounts, balloon payment dates, and deferred payment start dates, are inapplicable on their face to ordinary credit card and collection accounts, and Plaintiff alleges no facts suggesting that any furnisher reported a value for them. Plaintiff's pleading is also internally inconsistent: he alleges in the alternative that Equifax lacked the information because it failed to require furnishers to provide it. (*Id.* ¶¶ 73-74.) Section 1681g(a) requires disclosure of information in the file; it does not impose a duty to obtain information that furnishers did not supply. Plaintiff's alternative theory therefore pleads him out of a § 1681g claim. His remaining allegations amount to "labels and conclusions" that do not "nudge[]" his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

Plaintiff's reliance on Consumer Data Industry Association reporting guidelines (Compl. ¶¶ 34-37) does not change the analysis. Industry formatting standards for furnishers do not define

a consumer reporting agency's obligations under § 1681g, and their existence does not establish that any particular data element was in fact reported to Equifax for Plaintiff's accounts.

#### 2. **Plaintiff does not plausibly allege a disclosure that was unclear or inaccurate.**

Plaintiff does not allege that any information Equifax disclosed was false. The "clearly and accurately" requirement addresses whether the disclosure, read as a whole, would mislead a consumer about the contents of the file. *See Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007). Plaintiff identifies each disputed tradeline by furnisher name and the last four digits of its account number (Compl. ¶¶ 18-23), which confirms that he was able to identify the accounts. Truncating account numbers is a widely used protective practice, and Plaintiff alleges no facts showing that the truncation misled him about whether an account was his. Likewise, Plaintiff does not allege that he failed to recognize his own former addresses, telephone number, employer, or Social Security number. Conclusory assertions that the disclosure was "incomplete, unclear, and inaccurate" (*id.* ¶ 69) are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678.

#### 3. **Plaintiff does not plausibly allege a violation of § 1681g(a)(2).**

Section 1681g(a)(2) requires disclosure of "[t]he sources of the information" in the consumer's file. 15 U.S.C. § 1681g(a)(2). Plaintiff acknowledges that the disclosure identified the furnisher of each tradeline, such as Capital One, LVNV Funding, and Fifth Third Bank. (Compl. ¶¶ 15, 18-23.) His § 1681g(a)(2) theory thus reduces to the contention that Equifax did not identify (a) the original creditor for two collection accounts and (b) the source of personal identifying information. As to the first, the furnisher that reported the account to Equifax is the "source" of that information, and Plaintiff concedes that the furnishers were identified. As to the second, Plaintiff pleads no facts showing that Equifax recorded and retained source attribution for each

identifier in his file, and he identifies no harm flowing from the alleged omission given that the identifiers are his own. (*Id.* ¶¶ 25-28.)

### 4. Plaintiff fails to plausibly allege actual damages under § 1681o.

A claim for negligent noncompliance under 15 U.S.C. § 1681o is limited to "any actual damages sustained by the consumer as a result of the failure[,]" plus costs and fees. 15 U.S.C. § 1681o(a). Actual damages are thus an element of a negligence claim. Plaintiff's allegations of time spent reviewing his disclosure and generalized frustration and distress (Compl. ¶¶ 88-95) are conclusory, unaccompanied by any factual detail, and insufficient to plausibly plead actual damages caused by the alleged omissions. The § 1681o claim should be dismissed for this reason as well.

### 5. Plaintiff fails to plausibly allege a willful violation under § 1681n.

To recover statutory or punitive damages under 15 U.S.C. § 1681n, Plaintiff must plausibly allege that Equifax violated the FCRA knowingly or recklessly. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). A defendant does not act recklessly where its reading of the statute is not "objectively unreasonable," particularly in the absence of guidance from the courts of appeals or the agency that "might have warned it away from the view it took." *Id.* at 69-70.

Plaintiff's willfulness allegations are conclusory and largely concern other consumers and other lawsuits rather than any facts about Plaintiff's disclosure. (Compl. ¶¶ 39-56, 96-104.) Plaintiff cites no controlling authority holding that § 1681g(a) requires a consumer reporting agency to disclose full account numbers, every possible Metro 2 data field, or source attribution for each personal identifier. The single appellate decision he cites, *Selvam v. Experian Information Solutions, Inc.*, 651 F. App'x 29 (2d Cir. 2016), is unpublished, is not binding in this Circuit, and involved a different consumer reporting agency. (Compl. ¶ 50.) Plaintiff's allegations regarding a

2015 multistate settlement concern furnisher reporting obligations, not the content of § 1681g disclosures, and do not plausibly show that Equifax knowingly or recklessly violated § 1681g as to Plaintiff in 2026. (*Id.* ¶ 52.) The allegations that Equifax made a "cost-benefit analysis" to "select[] litigation over compliance" (*id.* ¶¶ 41-46) are speculation pleaded without supporting facts. Because Plaintiff has not plausibly alleged a willful violation, his claims for statutory and punitive damages should be dismissed.

## V. **CONCLUSION**

For these reasons, Equifax respectfully requests that the Court dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) or, alternatively, dismiss the Complaint for failure to state a claim under Rule 12(b)(6), and grant Equifax all other just and proper relief.

Respectfully Submitted,

LAX, VAUGHAN, FORTSON,
ROWE & THREET, P.A.
11300 Cantrell Road, Suite 201
Little Rock, Arkansas 72212
(501) 376-6565 Telephone
(501) 376-6666 Facsimile
tscott@laxvaughan.com

By: */s/ Ralph D. Scott III*
Ralph D. Scott, III (2015127)

*Attorneys for Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I further certify that I caused a true and correct copy to be served by United States Mail, first-class postage prepaid, and by email upon the following pro se Plaintiff:

LeAnthony Henderson
622 W Franklin
Forrest City, AR 72335
leanthony.henderson@outlook.com
Pro Se Plaintiff

*<u>/s/ Ralph D. Scott III</u>*
Ralph D. Scott III